# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Floyd Lee DeGraw,**
**Petitioner Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0692** (Mercer County 10-C-19)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Floyd DeGraw, by counsel E. Ward Morgan, appeals the Circuit Court of Mercer County's order entered on April 3, 2012, denying habeas relief. Respondent David Ballard, Warden of Mount Olive Correctional Center, appears by counsel Scott Johnson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of first degree murder and sentenced to life without mercy. Following his conviction petitioner filed a direct appeal with this Court, which was affirmed. Petitioner filed an amended petition for writ of habeas corpus, alleging ineffective assistance of counsel and competency issues. An omnibus habeas corpus hearing was held on December 21, 2011. The circuit court denied the petition for writ of habeas corpus.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Moreover, with regard to reviewing claims concerning ineffective assistance of counsel, we reiterate the following standard:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

On appeal, petitioner argues that his trial counsel was ineffective because he objected to testimony about his prior criminal history under the wrong rule of evidence and refused a cautionary instruction. The State argues that the petitioner was not prejudiced by the evidence because it would not have been barred by Rule 404(b) as it demonstrated the absence of mistake or accident and revealed a pattern of behavior. Finally, the State argues that trial counsel's decision to refuse a cautionary instruction was a competent tactical decision.

Our review of the record reflects no clear error or abuse of discretion by the circuit court. The circuit court found that trial counsel's improper objection and refusal of a cautionary instruction would not have led to a different outcome and these alleged failings, "if any, were harmless" due to the overwhelming evidence. The circuit court also found that it was a reasonable trial tactic to refuse a cautionary instruction.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II